# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### CHATTANOOGA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  1:11-CV-47 |
| | ) | (VARLAN/SHIRLEY) |
| LISA M. MACK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on the Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment [Doc. 8], submitted by plaintiff, the United States of America (the "United States").  Defendant, Lisa M. Mack, proceeding *pro se*, has responded in opposition [Doc. 13], the United States has filed a reply [Doc. 15], and the motion is ripe for adjudication.  The Court has carefully considered the pending motion and the responsive briefs, along with the relevant law and supporting materials.  For the reasons set forth herein, the Court will treat the United States' motion as one for summary judgment and it will be **GRANTED**.

## I.    Relevant Facts

On or about November 2, 1999, defendant executed a promissory note to secure a direct consolidation loan from the United States Department of Education in the amount of $93,417.32, at 8.25% interest per annum [Doc. 7, ¶ 3; Doc. 10, ¶ 2; Doc. 10-1].  The United States is the current holder of that promissory note [Doc. 1, ¶ 4, Docs. 1-2, 1-3].  As of

August 16, 2010, the United States claims that the total principal amount remaining due on the loan is $93,417.32, plus accrued interest in the amount of $80,051.67, for a total amount remaining due of $173,468.99 [Doc. 1-3; Doc. 10, ¶¶ 2, 5].

On March 3, 2011, the United States filed this action against defendant on behalf of the Department of Education [Doc. 1], requesting that judgment be entered in favor of the United States for the total amount of the loan, plus accrued interest on the principal amount to the date of judgment at a rate of 8.25% interest per annum [*Id.*]. The defendant filed an answer [Doc. 7], followed by an amended answer [Doc. 21], admitting that she had signed the promissory note but stating that "[i]t was not a promissory note after the application was accepted." [*Id.*, ¶ 3]. Defendant also acknowledged that a demand for payment on the loan had been made, but that "the demands were never an amount Defendant could afford and a lower monthly payment amount was never accepted by Plaintiff." [*Id.*, ¶ 5]. The United States submits in its motion that as of July 26, 2011, defendant had paid $0.00 towards the amount due on the loan [Doc. 9; Doc. 1-3; Doc. 10, ¶ 3].

Defendant filed a motion to amend her answer and a motion for extension of time to complete discovery, both of which the United States opposed [Docs. 11, 12, 14]. The magistrate judge granted defendant's motion to amend her answer, giving her up to and including January 27, 2012 in which to file an amended answer [Doc. 20, p. 3]. The defendant filed her amended answer on January 31, 2012.[1] The magistrate judge denied

---

[1]The Court granted defendant's motion to file her amended answer outside of time [Doc. 23].

defendant's motion for extension of time to complete discovery because she failed to specify a reason for why she was unable to present facts in opposition to the United States' motion and did not meet her burden of showing, "by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition." [*Id.*, pp. 3-4 (quoting Fed. R. Civ. P. 56(d))].

## II.    Standard of Review

The United States has moved for judgment on the pleadings. In the alternative, should the Court find it necessary to consider the declaration of Delfin M. Reyes (the "Reyes declaration") [Doc. 10], the United States has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. As will be further explained below, because the Court finds consideration of the Reyes declaration necessary for the United States to establish a prima facie case, the Court will consider the motion as one for summary judgment.

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).

3

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter, *id.* at 249, nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## III.  Analysis

### A.  Prima Facie Case – Student Loan Claim

In the motion, the United States contends that it has sufficiently established a prima facie right to recovery and that the defenses raised by defendant are without merit and

4

insufficient to withstand summary judgment. In her response, defendant admits that she paid for her education with student loans and that she applied to have those student loans consolidated through the Federal Direct Consolidation Loan program [Doc. 13-1, ¶ 1; Doc. 13, pp. 3-4]. Defendant asserts, however, that no promissory note was formed through her completion of the application [Doc. 13, pp. 1-4]. She asserts that even if a promissory note was formed, there is a factual dispute as to the amount demanded by the United States [*Id.*]. Defendant does not, however, dispute the certification in the Reyes declaration that defendant has never made a payment towards the repayment of her consolidated loan [*Id.*; Doc. 21, ¶ 5]. Specifically, defendant asserts that:

> [P]ayment had been made, however, the demands were never an amount Defendant could afford and a lower monthly payment amount was never accepted by Plaintiff.

[Doc. 21, ¶ 5].

As an initial matter, in a case arising out of a claim on a student loan, the Court must determine whether the United States has met its prima facie burden. "To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default. For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness. " *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citations omitted).

In this case, defendant admits that she "signed a promissory note which was attached to an application for a consolidation loan[,]" but that "[i]t was not a promissory note after the

5

application was accepted." [Doc. 21, ¶ 3]. Upon consideration, the Court does not find this assertion that acceptance rendered the application and promissory note "not" a promissory note because "disputing the overall validity of the note is not tantamount to denying that one signed them." *United States v. Crowe*, No. 3:08-CV-308, 2009 WL 677384, at *2 (E.D. Tenn. Mar. 10, 2009) (J. Phillips); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."). Furthermore, through the Reyes declaration and certifications therein, the United States has introduced into evidence the application and promissory note, dated and executed by defendant [Doc. 10, ¶¶ 1-2; Doc. 10-1]. Defendant has not disputed the existence or contents of this application and promissory note. Accordingly, the Court finds that the United States has satisfied the first element.

As to the second and third elements, the United States may establish these elements when a loan analyst certifies under penalty of perjury that a borrower has defaulted on a loan and that the loan was assigned to the United States. *United States v. Davis*, 28 F. App'x 502, 503 (6th Cir. 2002). Here, the United States has presented the Reyes declaration—a declaration of a loan analyst—which states that as of the date of declaration, (1) defendant had made no payments towards the loan, (2) defendant defaulted on her loan obligation on March 4, 2011, and (3) the loan was to secure a direct consolidation loan from the Department of Education [Doc. 10, ¶¶ 1, 3, 4]. The United States has also submitted a certificate of indebtedness stating that the Department of Education is the holder of the promissory note at issue and that defendant is indebted to the United States for the amount

6

of the loan plus additional interest [Doc. 1-3]. Under *Petroff-Kline*, this introduction of the application and promissory note by the United States, along with the sworn transcript of account and certificate of indebtedness is sufficient to establish the second and third elements. *See id.*, 557 F.3d at 290.

Accordingly, the Court concludes that the United States has met its burden of establishing a prima facie case.

### B.       The Existence, Extinguishment, or Variance in Payment of the Obligation

If the United States produces "sufficient evidence to satisfy its summary judgment burden, the burden shift[s] to [defendant] to 'set forth specific facts showing that there is a genuine issue for trial,' not just to 'rest upon the mere allegations or denials of the adverse party's pleadings.'" *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *Resolution Trust. Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992) (quoting Fed. R. Civ. P. 56(e))). *See also United States v. Davis*, 28 F. App'x at 503. If the United States establishes a prima facie case for payment of an obligation, defendant then "has the burden of proving the existence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290.

Here, while defendant gives several reasons in support of her argument that a genuine issue of material fact exists as to her obligation to pay the amount of the debt given in the United States' motion, the Court finds each argument unavailing.

First, defendant has not disputed the statement in the Reyes declaration that the application and promissory note, which contain defendant's name and signature, is a true and

7

correct copy of the application and promissory executed by defendant. Defendant has also not disputed that she applied for a consolidation loan and that she signed the promissory note which was part of an application for a consolidation loan [Doc. 13-1, p. 1; Doc. 13-1, ¶ 2; Doc. 10; Doc. 10-1]. Rather, defendant argues that she disputes the formation of the promissory note and whether the application "contains the essence of a contract, and whether the contract was ever formed by the payment of consideration." [Doc. 13, pp. 1-2]. Upon review of the application and promissory note, along with the Reyes declaration and defendant's own statement that she signed the promissory note, the Court does not find defendant's general denial that a promissory note was validly executed, without more, to raise a genuine issue of disputed material fact as to the existence of the debt.

Second, defendant argues that the application and promissory note are not valid because she lacked notice that a promissory note was formed from the application [Doc. 13-1, ¶¶ 4-8]. However, as pointed out by the United States, the language of the promissory note, which defendant admits signing, belies this argument. Section F of the promissory note, which appears immediately above defendant's signature, contains the following language:

> **I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.**

[Doc. 10-1, p. 3]. Above this statement is the following language:

> I understand that this is a Promissory Note. I will not sign this note before reading it, including the text on the reverse side, even if I am advised not to read the note . . . . My signature certifies that I have read, understand, and agree to the terms and conditions of this note [.]

[*Id.*]. This section also provides that by signing her name on the promissory note, this "will serve as [defendant's] authorization to pay off the balance(s) of the loan(s) selected for consolidation as provided by the holder(s) of such loan(s)." *Id.* Given the foregoing, the Court finds unpersuasive defendant's argument that she lacked notice that the executed application was a promissory note.

Finally, the Court does not find defendant's unsupported assertion of a factual dispute regarding the amount owed on the promissory note to constitute a genuine issue of material fact as to whether defendant can prove the nonexistence, extinguishment, or variance in payment of the obligation [*see* Doc. 13, p. 3]. *See United States v. Johnson*, No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich., May 4, 2005) ("[T]he defendant must produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt. Cancelled checks, bank statements, tax records, and sworn affidavits may be acceptable evidence of payment.") (citing *United States v. Durbin*, 64 F. Supp. 2d 635, 636 (S.D. Tex. 1999)). Here, defendant has admitted to signing the application and promissory note. Her specific argument as to the amount of the debt is that "the demands were never an amount Defendant could afford and a lower monthly payment amount was never accepted by Plaintiff." [Doc. 21, ¶ 5]. This is not evidence which creates a genuine issue of disputed fact that would constitute specific, concrete evidence to rebut the prima facie case established by the United States. Defendant provides no evidence that the amount given in the Reyes declaration is inaccurate, that the amount given on the face of the application and promissory

note is inaccurate, or that any amount in the certificate of indebtedness is inaccurate. As such, the Court also finds this argument to be without merit.

## IV.    Conclusion

For the reasons set forth herein, the United States' Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment [Doc. 8] will be **GRANTED** to the extent that summary judgment will be **ENTERED** in favor of the United States. The United States will be **AWARDED** a total of **$173,468.99**, plus accrued interest from August 16, 2010 through the date of judgment at the rate of 8.25% on the principal amount of $93,417.32, plus interest from the date of judgment at the legal rate. An appropriate order will be entered.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE