UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-CV-47-TAV-CCS |
| | ) | |
| LISA M. MACK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Installment Payment Order [Doc. 44], filed by the United States of America on October 28, 2014. On December 30, 2014, the Court entered an Order [Doc. 49], setting this motion for hearing on January 20, 2015. On December 31, 2014, the Government substituted United States Attorney Kenny Saffles as its counsel in this case. On January 14, 2015, the Defendant filed a Motion for Extension of Time to File Response [Doc. 52], a Motion to Reschedule Court Hearing [Doc. 53], and a response to the Court's Order and the Motion for Installment Payment Plan [Doc. 50]. The Court denied the Motion to Reschedule, for lack of good cause, and ordered that the parties appear before the Court to address the pending motions in this case on January 20, 2015, as previously scheduled. [Doc. 55].

The parties appeared before the undersigned on January 20, 2015. AUSA Saffles was present representing the Government, and the Defendant was present, representing herself *pro se*. At that time, the Defendant asserted that she had not received a copy of the Motion for

Installment Payment Order [Doc. 44], via certified mail with return receipt, and that she should, therefore, be afforded additional time to respond to the motion. This position is the same position Defendant presented in her Motion for Extension of Time to Respond.

Mr. Saffles stated that the certificate of service to the Motion for Installment Payment Order represented that a copy of the motion was served on Defendant, at her address of record, via certified mail on October 28, 2014. However, he conceded that the certificate of service did not indicate whether a return receipt had been used and that the Government did not have a return receipt demonstrating service in its possession. Mr. Saffles noted that he had no personal knowledge of the mailing, because he was not serving as counsel for the Government at that time. Mr. Saffles represented that upon receiving the Defendant's Motion for Extension of Time to Respond, the Government had: emailed a copy of the Motion for Installment Payment Order to Defendant; mailed a copy of the Motion for Installment Payment Order to the Defendant via regular mail service; and mailed a copy of the Motion for Installment Payment Order to the Defendant via certified mail with return receipt.

In response, Defendant acknowledged that she had received the copy of the Motion for Installment Payment Order mailed to her via regular mail, and she represented to the Court that the copy of the motion that was received via regular mail service was in her possession at the hearing. Defendant argued that this actual service was deficient under 28 U.S.C. § 3204(a)(2). She maintained that the Court should ensure that she receives a second copy of the Motion for Installment Payment Order, via certified mail with return receipt, prior to adjudicating this issue. She also requested that she be given additional time to respond to the Motion for Installment Payment Order, following her receipt of a copy via certified mail with return receipt.

Based upon the record before it, the Court finds that the Government cannot, at this juncture, demonstrate that it served the Defendant in compliance with 28 U.S.C. § 3204(a)(2). The Defendant acknowledges that she has now received a copy of the motion, and while this actual notice likely satisfies the statutory purpose and underlying policy of 28 U.S.C. § 3204(a)(2),[1] the Court will, out of an abundance of caution, require the Government to accomplish its service via either certified mail with return receipt or summons, pursuant to 28 U.S.C. § 3204(a)(2). Because the record before the Court indicates that this service can be accomplished in relatively short order and because the Court will extend the parties' deadlines with regard to this motion, the Court finds that the Defendant will not be prejudiced by the Government being permitted to make a second attempt at service.

Accordingly, and for the reasons more fully stated at the hearing, it is **ORDERED**:

1. The Motion for Extension of Time to File Response **[Doc. 52]** is **GRANTED**.

2. The Court will conduct a telephonic conference with AUSA Saffles and the Defendant at **3:00 p.m. on January 23, 2015**, to address whether the Defendant has received a copy of the Motion for Installment Payment Order via certified mail with return receipt.

3. Thereafter, Defendant shall have up to and including **February 24, 2015**, in which to respond to the Motion for Installment Payment Order.

4. The Government shall have up to and including **March 10, 2015**, in which to make its final reply.

---

[1] See, e.g., Patmon & Young Prof'l Corp. v. C.I.R., 55 F.3d 216, 218 (6th Cir. 1995) (finding that taxpayer's knowledge of a certified mailing, without proof that taxpayer ever viewed the mailing, was sufficient to satisfy federal statute's requirement of mailing by certified mail or registered mail); Hosp. & Serv. Employees Union, Local 399, Serv. Employees Int'l Union, AFL-CIO v. N.L.R.B., 798 F.2d 1245 (9th Cir. 1986) (holding that actual notice to employer satisfied statutory notice requirements, even though copy of charges was mailed to address at which employer had not conducted business for about a year and the NLRB could not produce a return receipt indicating delivery of the charges).

5. The parties **SHALL APPEAR** before the undersigned in Courtroom 3B of the Howard H. Baker Jr. Courthouse in Knoxville, Tennessee on **March 20, 2015, at 10:00 a.m.** to address the Motion for Installment Payment Order. At that time, both parties shall be prepared to offer testimony or evidence supporting their position, as appropriate, and shall be prepared to address any statutory considerations under 28 U.S.C. § 3204(a)(2).

6. The Clerk of Court **SHALL** mail a copy of this Memorandum and Order to Defendant at 846 Oak Street, Chattanooga, Tennessee 37403.

7. The Court will also address the Motion to Quash by Clayton Whittaker, Defendant's husband, at the hearing to commence at **10:00 a.m. on March 20, 2015**. Therefore, the Clerk of Court **SHALL** also mail a copy of this Memorandum and Order to Mr. Clayton Whittaker at 846 Oak Street, Chattanooga, Tennessee 37403.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge